USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FIDEL ELISAMA, individually and on behalf of others similarly situated,

                Plaintiff,

- against -

GHZALI GOURMET DELI INC. (d/b/a LENOX GOURMET DELI), CARIN GHZALI, and JOHN DOE,

                Defendants.

**ORDER**

14 Civ. 8333 (PGG) (DF)

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiff Fidel Elisama filed the Complaint in this putative collective action against Defendants Ghzali Gourmet Deli Inc. (d/b/a Lenox Gourmet Deli) and Carin Ghzali on October 17, 2014. (Cmplt. (Dkt. No. 1)) Plaintiff alleges that Defendants failed to pay him overtime compensation, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., and the New York Labor Law ("NYLL"), §§ 650, et seq. (Id. ¶¶ 65-72) Plaintiff further alleges that Defendants failed to pay him spread-of-hours compensation, and provide him with wage statements and notices, in violation of the NYLL. (Id. ¶¶ 73-82)

        In May 2015, this Court entered a default judgment against Defendants, (see Order of Default (Dkt. No. 23)), and referred the case to Magistrate Judge Debra Freeman for an inquest on damages. (Order of Reference (Dkt. No. 24)) Magistrate Judge Freeman has submitted a Report and Recommendation ("R&R") regarding the appropriate amount of damages. (See R&R (Dkt. No. 35); Amended R&R (Dkt. No. 38))

## BACKGROUND

The Clerk of Court issued Certificates of Default as to Defendants Ghzali Gourmet Deli and Ghzali on April 16, 2015. (Certs. of Default (Dkt. Nos. 13, 14)) This court ordered Defendants to show cause on April 30, 2015, why a default judgment should not be entered against them. (Order (Dkt. No. 15) at 1) The hearing was subsequently adjourned to May 14, 2015. (Order (Dkt. No. 19)) Defendants Ghzali Gourmet Deli and Ghzali did not appear on that date. (See Order of Default (Dkt. No. 23) at 2) Accordingly, this Court entered a default judgment against them (see id.), and referred the case to Magistrate Judge Debra Freeman for an inquest on damages. (Order of Reference (Dkt. No. 24))

On May 26, 2015, Judge Freeman directed the parties to submit briefs regarding damages. (Order (Dkt. No. 25)) Plaintiff made a detailed submission in support of his request for damages. (See Dkt. Nos. 30, 31, 33) Defendants did not submit any briefing.

On April 29, 2016, Judge Freeman issued a 43-page R&R recommending that this Court award Plaintiff: (1) $134,274.63 in damages, consisting of (a) $48,498.00 in unpaid overtime compensation, (b) $8,946.25 in unpaid spread-of-hours compensation, (c) $71,830.38 in liquidated damages under the NYLL and the FLSA, and (d) $5,000.00 in statutory damages for failure to provide wage statements and annual wage notifications; (2) $9,578.98 in prejudgment interest, plus additional prejudgment interest at a rate of nine percent per annum on the principal amount of $21,294.00 to be calculated by the Clerk of Court from June 25, 2015 to the date of entry of final judgment; and (3) $6,444.50 in attorneys' fees and $550.00 in costs. (R&R (Dkt. No. 35) at 1-2, 41-42) Copies of the R&R were sent to the parties on April 29, 2016. (Id. at 43) Neither side filed objections to the R&R.

On November 7, 2016, Judge Freeman issued a thorough 47-page Amended Report & Recommendation (the "Amended R&R"), reflecting her conclusion that a plaintiff may not recover liquidated damages under both the FLSA and the NYLL. (Amended R&R (Dkt. No. 38) at 1 n. 1, 10-16) After acknowledging that district courts had split on this issue, Judge Freeman conducted a detailed analysis of the evolving law, and revised her earlier view set forth in the April 29, 2016 R&R. (Id. at 1 n. 1, 15) Judge Freeman concluded that "where the employment period at issue post-dates November 24, 2009, the date on which the willfulness requirement was removed from the NYLL, cumulative damages under both the FLSA and the NYLL should not be awarded." (Id. at 13-15) Judge Freeman's Amended R&R recommends that this Court award Plaintiff: (1) $107,070.63 in damages, consisting of (a) $48,498.00 in unpaid overtime wages, (b) $8,946.25 in unpaid spread-of-hours compensation, (c) $44,626.38 in liquidated damages under the NYLL, and (d) $5,000.00 in statutory damages for failure to provide wage statements and annual wage notifications; (2) $15,051.67 in prejudgment interest, plus additional prejudgment interest at a rate of nine percent per annum on the principal amount of $48,498, to be calculated by the Clerk of Court from the date of Plaintiff's inquest filings – June 25, 2015 (see Dkt. Nos. 30-31) – to the date of entry of final judgment; and (3) $6,444.50 in attorneys' fees and $550.00 in costs.[1] (Amended R&R (Dkt. No. 38) at 2, 45) Copies of the Amended R&R were sent to the parties on November 7, 2016. (Id. at 47) Neither side has filed objections to the Amended R&R.

---

[1] Because Judge Freeman's changed reasoning concerning liquidated damages affects the amount of prejudgment interest that should be awarded, Magistrate Judge Freeman revised her calculation of prejudgment interest as well. (Id. at 1 n. 1, 17-19, 33-36)

## STANDARD OF REVIEW

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When no objections are filed to a magistrate judge's report and recommendation, "a district court need only satisfy itself that there is no 'clear error on the face of the record' in order to accept the recommendation." Austin v. Lynch, No. 10 Civ. 7534 (JPO) (GWG), 2011 WL 6399622, at *1 (S.D.N.Y. Dec. 20, 2011) (citing Fed. R. Civ. P. 72(b) advisory committee note). Moreover, the Second Circuit has made clear that a "party generally waives judicial review of an issue when he or she fails to make timely objection to a magistrate judge's report, as long as all parties receive clear notice of the consequences of their failure to object." DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) (citing Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)); see also McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983) ("When a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision.").

## DISCUSSION

Here, the R&R recites the requirement that the parties must file objections within fourteen days of service, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, and that a "FAILURE TO FILE TIMELY OBJECTIONS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW." (Amended R&R (Dkt. No. 38) at 45-46; R&R (Dkt. No. 35) at 42; see also 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy [of a magistrate judge's report and recommendation], any party may serve and file written objections to such proposed findings and

4

recommendations"); Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations")) Despite clear warning that a failure to file objections would result in a waiver of judicial review, neither side filed objections to Judge Freeman's R&R or Amended R&R.

Because neither side filed objections to Judge Freeman's Amended R&R, the parties have waived judicial review. The Court has nonetheless reviewed the 47-page Amended R&R and finds it to be thorough, well-reasoned, and free of any clear error. Accordingly, Judge Freeman's Amended R&R will be adopted in its entirety.

## CONCLUSION

For the reasons stated above, the Amended R&R is adopted in its entirety and Plaintiff is awarded (1) $107,070.63 in damages; (2) $15,051.67 in prejudgment interest, plus additional prejudgment interest at a rate of nine percent per annum on the principal amount of $48,498, to be calculated by the Clerk of Court from June 25, 2015 to the date of entry of final judgment; and (3) $6,444.50 in attorneys' fees and $550.00 in costs. The Clerk of the Court is directed to enter judgment, and to close this case.

Dated: New York, New York
October 10, 2018

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge